Catron, Ch. J.
Hill was the endorser of Barrow to Hewett. Judgment was recovered against both on suits brought in the summer of 1819, in the Davidson county court. The parties were separately sued, there not then being any statute authorizing maker and endorser to be jointly sued. Appeals in error were prosecuted to the circuit court; there the judgments were affirmed for debt, and 12⅜ per cent damages; from this judgment appeals in error were prosecuted to the supreme court, and the judgments affirmed, with 12⅛ per cent damages, in each cause. One set of damages on the judgment against Barrow have been collected, and the present motion is to restrain the collection of the second set from Hill, and his sureties. Can this be done, is the question. ■Previous to the act of 1809, only six per cent could be recovered on judgments in cases of writs of error and appeals. By that act, (ch. 9,) 12⅛ per cent damages on the amount of the judgment below, on an affirmance in a case of contract like this, was allowed. This was in lieu of interest, which ceased. Peck’s R. 205. As a substitute for the 12⅞ percent on the judgment, regardless of time, by the act of 1823, interest after the rate of 12á per cent per annum was allowed after an appeal in error prosecu- *242 But the act ofl819,had made a considerable alteration in the practice, by authorizing the holder of the note or bill to sue all the parties, maker and endorser, in one action; of course but one set of damages could be recovered when all were sued together. Although the maker and every endorser was separately liable for the whole amount of the note, yet the holder could have but one satisfaction. Chitty on Bills, 346, 7 Ed. 1 Sta. 515. In England no difficulty could arise, as the same interest accrued under any circumstances. Here, the acts of a defendant by a vexatious prosecution of an appeal in error, increase the rate of interest. Still it is damages of the same statutable character as six per cent, interest, and not a penalty, as the case in Peck’s Rep. shows. We will not entangle the investigation by referring to the fact, that security for the 12⅞ percent, is to be given on the appeal; the principal debtor is the proper party to pay. Hill comes forward and says, the judgment against him has been paid by Barrow the maker, and double satisfaction is sought to be enforced from him, and those bound with him. Hewett is entitled to the full satisfaction of his judgment against’ Hill, and if Barrow has paid an amount equal to the full judgment, (except costs,) Hewett will not be allowed to collect any more from Hill as Barrow’s endorser. Suppose the judgment against Hill $>“1200, that against Barrow $1000, and this sum collected off of Barrow; Hewett could only collect $200 more from Hill, because Barrow had paid $1000 for him, Hill. Whether the judgment is grounded on principal or interest, is no matter of inquiry; it is a lawful judgment, for an aggregate sum, and Hewett entitled to enforce every remedy the law allows, against all liable in part, as securities for writs of error, and in whole as principal debtors, until he be satisfied to the amount of the judgment. Has Hewett collected to the full amount of the judgment now attempted to be enforced? If he has, he can proceed no further, and *243 the court will stay his hand. It matters not who he collected it from, the maker Barrow, his sureties, or from any other liable on the note; but if he has not collected to the amount of the judgment against Hill, he cannot be restrained. Under the law allowing six per cent interest by way of damages for detention of money, it is settled, that if the maker and three endorsers be separately sued, and recovered against, the plaintiff cannot recover 24 per cent, interest, but the judgments are for aggregate sums, and any one defendant can say, you have received from another party to the note the full amount of my judgment, and must stay your hand, because you can have hut one satisfaction. Chitty, 346, 7 Am. Ed. But it is insisted that the legislature intended to inflict a penalty on a party wrongfully appealing, and that by virtue of the act of 1809, quadruple damages, amounting to fifty per cent, can be recovered.— The act of 1809 does not contemplate such exorbitant gains; by its terms it only refers to one plaintiff against one defendant, and to one set of damages; but, to double the amount that by previous statutes the plaintiff could recover. To say the act designed to inflict so harsh a penalty for exercising a privilege the law guarantied to the defendant, would be to construe it contrary to known and established rules, in expounding statutes and inflicting penalties.
Peck, J.
A debtor has the ability and disposition to make his creditor sure of his demand, and to that end gives him many endorsers as security. Shall the creditor by suing all in separate actions, punish the honest intention of the debtor, by being permitted to exact an exorbitant increase of damages, proportionate to the number of sureties, at the rate of 12⅛ per cent, on the principal debt against each?
It was not the intention of the legislature on the pas- *244 gage of the act, giving; this penalty, to allow latitude of construction to increase damages.
All loans should be uniform in their operation; the construction contended for destroys uniformity. The appeal delaying the debt was the evil; the appeal was not taken away, but the penalty as damages given; and the amount is certain in all cases, being 12⅛ per cent, on the demand.
It is just as reasonable to give the amount of debt specified in each judgment, as to give the damages on each. If the creditor cannot have the judgment, he cannot have the incident. To give it to him, would violate the act, by giving more than 12⅛ per cent.
The 12⅛ per cent, having been once received, there should be a supersedeas in the other cases. The judgments are before us; and having the evidence of satisfaction, we should apply the most summary process known to the law to meet the exigency.
Motion sustained.